IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROSS RIVIELLO,<br><br>  Plaintiff,<br><br>v.<br><br>CITIBANK, N.A.,<br><br>  Defendant. | Case No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Citibank, N.A. ("Citibank"), removes this case from the Court of Common Pleas of Lackawanna County, Pennsylvania to the United States District Court for the Middle District of Pennsylvania. In support of this Notice of Removal, Citibank states as follows:

## I. BACKGROUND

1. On or about January 10, 2019, plaintiff Ross Riviello ("Plaintiff") initiated this action by filing a complaint (the "Complaint") against Citibank in the Court of Common Pleas of Lackawanna County, Pennsylvania, which was styled *Ross Riviello v. Citibank*, Case No. 19-cv-137 (the "State Court Action").

2. Citibank has not been served. The summons as to Citibank was issued on January 10, 2019. Other than a request to proceed In Forma Pauperis, no other documents have been filed in the State Court Action. Pursuant to 28 U.S.C.

§ 1446(a), Citibank has attached true and correct copies of "all process, pleadings, and orders served" upon Citibank in the State Court Action as Exhibit A.

3. In the Complaint, Plaintiff alleges that Citibank, without prior consent, used an "automatic telephone dialing system" to place "numerous telephone calls" to his mobile telephone. *See* Compl. ¶¶ 19.

4. Based thereon, Plaintiff purports to raise claims under the Telephone Consumer Protection Act ("TPCA"), 47 U.S.C. § 227, *et seq.*, the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"), 73 P.S. § 2270.4, *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq. See id.* at ¶¶ 37-53.

## II. BASIS FOR REMOVAL JURISDICTION

5. This Court has jurisdiction over this matter under 28 U.S.C. § 1331, because Plaintiff alleges violations of a claim or right arising under the laws of the United States.

6. Specifically, Plaintiff alleges that Citibank placed calls to his cellular telephone in violation of the TCPA and the FDCPA. *See generally* Compl.

7. Moreover, this Court has supplemental jurisdiction over Plaintiff's FCEUA claim pursuant to 28 U.S.C. § 1367(a), as the claim is based on the same alleged conduct and is, therefore, "part of the same case or controversy."

8. Therefore, this Court has jurisdiction over all claims raised herein under 28 U.S.C. § 1331, and as such, this action is subject to removal pursuant to 28 U.S.C. § 1441 at the request of Citibank.

### III. VENUE

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a) and 1441(a), because the United States District Court for the Middle District of Pennsylvania is the federal court embracing the Court of Common Pleas of Lackawanna County, Pennsylvania, where Plaintiff originally filed the State Court Action.

### IV. PROCEDURAL COMPLIANCE

10. This Notice is timely because it has been filed within the thirty day period prescribed by 28 U.S.C. § 1446(b).

11. Citibank has not yet been served with the Complaint, and as such, the time for Citibank to answer, move, or otherwise plead in the State Court Action in response to the Complaint has not yet expired – nor has Citibank filed any response to the Complaint.

12. The documents attached hereto as Exhibit A constitute all of the process, pleadings, and orders received by Citibank to date.

13. Written notice of the filing of this notice of removal is being forwarded to Plaintiff and to the Court of Common Pleas of Lackawanna County,

Pennsylvania, pursuant to 28 U.S.C. § 1446(d). *See* Notice of Filing Notice of Removal, attached hereto as Exhibit B.

14. By filing a Notice of Removal in this matter, Citibank does not waive its right to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and Citibank specifically reserves the right to assert any defenses and/or objections to which it may be entitled.

15. Without conceding the availability of any particular remedy or category of damages, this action involves a controversy arising under the laws of the United States, as appears from the allegations of Plaintiff's Complaint. Accordingly, this action is one over which this District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and this matter may be removed to this Court under 28 U.S.C. § 1441.

WHEREFORE, notice is given that this action is removed from the Court of Common Pleas of Lackawanna County, Pennsylvania, to the United States District Court for the Middle District of Pennsylvania.

Dated: February 8, 2019      Respectfully submitted,

By:    <u>/s/ *Daniel JT McKenna*</u>
Daniel JT McKenna, Esquire (Pa. ID 93930 )
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 665-8500
Facsimile: (215) 864-8999
mckennad@ballardspahr.com

*Attorneys for Defendant Citibank, N.A.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Defendant Citibank, N.A.'s Notice of Removal was served by ECF upon the following:

> Joseph T. Sucec, Esq.
> PO Box 317
> Grantham, PA 17027
> joesucec@comcast.net
>
> *Counsel for Plaintiff*

By: /s/ *Daniel JT McKenna*
Daniel JT McKenna

Dated: February 8, 2019